UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>Alvaro SALIDO-Candero,<br><br>    Defendant(s) | Magistrate Case No. 08 MJ 1656<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8 U.S.C., Sec. 1324 (a)(2)(B)(iii)<br>Bringing in Illegal Aliens Without<br>Presentation |

The undersigned complainant, being duly sworn, states:

On or about **May 24, 2008**, within the Southern District of California, defendant **Alvaro SALIDO-Candero**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Bernardo MARTINEZ-Cruz, Maricruz VALENTIN-Martinez, Juan Carlos MIER-Perez,** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James E. Bailey
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **27th** DAY OF **MAY, 2008**

_____
Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

**CONTINUATION OF COMPLAINT:**
Alvaro SALIDO-Candero

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Bernardo MARTINEZ-Cruz, Maricruz VALENTIN-Martinez, and Juan Carlos MIER-Perez** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On May 24, 2008, Border Patrol Agent A. J. Nesbit was conducting line watch operations near an area known as "Echo 3" This area is approximately one and a half miles east of the San Ysidro, California, Port of Entry and about one hundred yards north of the International Boundary Fence.

At approximately 9:10 p.m., after a seismic intrusion device activated in the general vicinity of the aforementioned location, the Remote Video Surveillance System (RVSS) operator notified Agent Nesbit via agency radio of a group of thirteen individuals coming out of the "Echo 3 drainage tubes". "Echo 3 drainage tubes" are located approximately one hundred and fifty yards north of the International Boundary Fence. Agent Nesbit responded to the area and observed a group of individuals concealing themselves in some dense brush.

Agent Nesbit questioned each of the individuals as to their country of citizenship. Each of the individuals, including one later identified as the defendant **Alvaro SALIDO-CANDERA** admitted to being citizens and nationals of Mexico without any proper immigration documents that would allow them to enter or remain in the United States legally. At approximately 9:15 p.m., each of the thirteen individuals were arrested and transported to the Imperial Beach Border Patrol Station for processing.

## DEFENDANT STATEMENT:

The defendant was advised of his Miranda Rights. The defendant stated that he understood his rights and was willing to answer any questions without the presence of an attorney.

The defendant stated he was a citizen and national of Mexico and did not possess any proper immigration documents that would allow him to enter or remain in the United States legally. The defendant stated he entered illegally on May 24, 2008 by a sewage tunnel under the international boundary fence near San Ysidro, California. He stated that he works as a foot guide named "Roberto". The defendant stated that "Roberto" was going to pay him $300.00 USD for the whole group. The defendant stated that the tunnel was already open by the time he went inside. He stated that he takes the illegal aliens to a road north of where he illegally crossed and that a car would already be there waiting. The defendant also stated that once he was inside the United States he was going to stay with his sister in Riverside, California.

## MATERIAL WITNESSES STATEMENTS:

Material Witnesses **Bernardo MARTINEZ-Cruz, Maricruz VALENTIN-Martinez, and Juan Carlos MIER-Perez** stated that they are citizens and nationals of Mexico illegally present in the United States. They stated that they do not have any immigration documents allowing them to be in the United States legally. They stated that arrangements had been made in Tijuana Baja California, Mexico to be smuggled into the United States. The three material witnesses stated that they were to pay $1,800.00 U.S. dollars to be taken to Costa Mesa, California. When shown a photographic lineup, the three material witnesses were able to identify the defendant **Alvaro SALIDO-Candero** as the foot guide of the group.

**CONTINUATION OF COMPLAINT:**
Alvaro SALIDO-Candero

Executed on May 26, 2008, at 9:30 A.M.

_____
Tomas M. Jimenez
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **May 24, 2008**, in violation of Title 8, United States Code, Section 1324.

_____         5/26/08 @ 10:38 a.m.
Jan M. Adler                             Date/Time
United States Magistrate Judge